UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CONSTANT,                                No. 10-50894

          Petitioner,                        District Judge Stephen J. Murphy, III

v.                                              Magistrate Judge R. Steven Whalen

UNITED STATES CITIZENSHIP
AND IMMIGRATION SERVICE,

          Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Joseph Constant has filed a *pro se* Petition to Correct Date of Birth on Citizenship Certificate. Before the Court is Respondent's Motion to Dismiss [Doc. #27], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Oral argument was heard on May 23, 2013.  For the reasons discussed below, I recommend that Respondent's motion be GRANTED, and that the Petition be DISMISSED for lack of jurisdiction.

### I.   FACTS

Mr. Constant filed an Application for Naturalization on January 1, 1995.  The date of birth indicated on his Application is March 12, 1956.  *Respondent's Motion,* Exhibit A. Although he was apparently interviewed in September of 1995, no action was taken. Instead, the Application was reopened on December 3, 2005, and Mr. Constant was interviewed on December 28, 2005. On June 23, 2006, his Application was granted.  *Id.*

On December 28, 2005 (the same date as his interview), Mr. Constant signed a Certificate Preparation Sheet and Oath Declaration (Form N-649) indicating that his date of birth was March 12, 1956.  *Respondent's Exhibit* B.  On August 5, 2006, Mr. Constant

-1-

took the oath of citizenship and was issued a Certificate of Naturalization that identified his date of birth as March 12, 1956.

On February 19, 2008, Mr. Constant filed an Application for Replacement Naturalization/Citizenship Document, along with a letter, asserting that the date of his birth was not March 12, 1956, as indicated in the Application and Certificate Preparation Sheet that he signed, but March 12, 1952. *Respondent's Exhibit* C. His Application was denied on October 24, 2008. The denial letter stated that Mr. Constant had "failed to establish that a clerical error was made in preparing the certificate or that your date of birth does not conform to the facts as shown on your original application for naturalization." *Respondent's Exhibit D.*

Mr. Constant filed his Petition in this Court on August 2, 2010, alleging that his correct date of birth was not March 12, 1956 (as he stated in his original Application) or March 12, 1952 (as he stated in his Application for Replacement Naturalization/Citizenship Document), but rather March 6, 1952.

## II.    STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The party opposing a Rule 12(b)(1) motion "bears the burden of proving jurisdiction." *EEOC v. Hosanna–Tabor Evangelical Lutheran Church & Sch.,* 597 F.3d 769, 776 (6th Cir.2010). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. In a facial attack, the allegations of the complaint are taken as true, and the Court must decide whether the plaintiff has adequately alleged grounds for subject matter jurisdiction. In a factual attack, "[n]o presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to

-2-

hear the case." *Richardson v. City of Detroit Retirement Systems*, 2013 WL 2338738, *3

(E.D.Mich. 2013), citing *Richardson v. City of Detroit Retirement Systems*, 2013 WL

2338738, *3 (E.D.Mich. 2013).

### III.   DISCUSSION

This case involves a facial challenge to subject matter jurisdiction.

The Immigration Act of 1990, 8 U.S.C. § 1421, transferred naturalization

jurisdiction from the judicial to the executive branch of government.  Prior to 1990, 8

U.S.C. § 1451(I) provided that a district court could amend a naturalization certificate.

After 1990, district courts heard petitions to amend errors in naturalization documents

pursuant to 8 C.F.R. § 334.16(b), which provided as follows:

> "Whenever an application is made to the court to amend a petition for
> naturalization *after final action thereon has been taken by the court*, a copy
> of the application shall be served upon the district director having
> administrative jurisdiction over the territory in which the court is located, in
> the manner and within the time provided by the rules of court in which
> application is made. No objection shall be made to the amendment of a
> petition for naturalization after the petitioner for naturalization has been
> admitted to citizenship if the motion or application is to correct a clerical
> error arising from oversight or omission. A representative of the Service
> may appear at the hearing upon such application and be heard in favor of or
> in opposition thereto. When the court orders the petition amended, the clerk
> of court shall transmit a copy of the order to the district director for
> inclusion in the Service file." (Emphasis added).

The plain language of this regulation limits the federal judiciary's jurisdiction "to

review judicially crafted naturalization documents issued before 1990." *Malineni v.*

*United States Citizenship and Immigration Services*, 2013 WL 466204, *2 (E.D. Mich.

Feb. 7, 2013).  In *Collins v. United States Citizenship and Naturalization Service*, 2013

WL 764752, *2 (C.D. Cal. January 30, 2013), the court held:

> "The Court concludes that Section 334.16 does not vest this Court with
> jurisdiction over this action. By its explicit terms, Section 334.16 applied
> 'whenever an application is made to the court to amend a petition for
> naturalization after final action thereon has been taken by the court.'

Thus, Section 334.16 allowed eligible individuals to '[make] an application to the court,' and it gave the Court the power to amend a petition that the court previously granted. However, Section 334.16 never granted the Court the power to review an action taken by USCIS or the power to compel USCIS to take any action. Therefore, the Court has no subject matter jurisdiction pursuant to Section 334.16."

See also *Ampadu v. United States Citizenship and Immigration Services*,__F.Supp.2d__, 2013 WL 1892713 (C.D. Ill. 2013)("[A]fter Congress transferred naturalization jurisdiction to the executive branch, the judiciary only retained jurisdiction under § 334.16(b) to review petitions to amend naturalization documents issued by the court before 1990")(citing *Malineni*).

I recognize that some courts have exercised jurisdiction to review petitions to amend post-1990 naturalization certificates that were issued by executive agencies. *See Hussain v. United States Citizenship and Immigration Services*, 541 F.Supp.2d 1082, 1085 (D.Minn. 2008); *Nguyen v. United States Dept. of Homeland Security*, 2007 WL 2156649, *8 (N.D.N.Y., July 25, 2007); *Lashkariani v. United States Citizenship and Immigration Services*, 2012 WL 3615460 (D.Nev., August 21, 2012). However, these cases contain no reasoned analysis of the plain language of the Regulation.  In *Nguyen*, the court simply assumed jurisdiction under 8 C.F.R.  § 334.16(b) with no discussion whatsoever. In *Hussain*, the government conceded "that  § 334.16(b) implicitly gives the Court the power to order USCIS to issue Hussain an amended certificate of naturalization." 541 F.supp.2d at 1085. In *Lashkariani*, the court recognized that the 1990 Immigration Act "transferred naturalization jurisdiction from the Judicial Branch to the Executive Branch, leaving those with post11990, executive-issued certificates of naturalization without remedy," *id*. at *2, yet without further analysis simply cited *Hussain* and *Nguyen*.

In *In re: Kejbo*, 2010 WL 1416969 (E.D. Mich., April 8, 2010), a case in which

-4-

the petitioner was naturalized after 1990, the Court held that it "has the power to order the amendment" as to the date of birth.  However, there was no discussion of the jurisdictional issue, and the Court merely cited *Hussain*, along with *Pyun v. Jarina*, 2009 WL 1636272 (W.D.Tenn., June 11, 2009) and *Zhang v. United States Department of Homeland Security*, 2007 WL 2156648 (N.D.N.Y., July 25, 2007). In *Pyun*, there was no apparent challenge to the court's jurisdiction, and the court simply proceeded to the merits of the petition.  Likewise in *Zhang*, the court applied § 334.16(b) with no analysis. Interestingly, *Zhang* cited *In re Lee*, 2007 WL 926501 (N.D.Cal., March 26, 2007), a case where the petitioner was naturalized by a court prior to 1990.  *Lee* specifically held that the court had jurisdiction to amend the Certificate under § 334.16(b) only because the petitioner was naturalized by court order in 1973,:

> "Additionally, in *Matter of Shrewsbury,* 1996 WL 64988, at *1 (9th Cir.1996), the Ninth Circuit held that the courts had jurisdiction to amend a pre-1990 naturalization order. There the Court found that 'because the order naturalizing this petitioner was a court order, the court had jurisdiction under the prior statute to amend it.' *Id.* Petitioner offers evidence that he was naturalized in 1973 by court order as well. This Court therefore has jurisdiction to amend Petitioner's Certificate of Naturalization." *Id*. at 2.

While there is an apparent split of authority as to whether this Court has jurisdiction to amend a Certificate of Naturalization that was issued after 1990, the cases that analyze the issue in depth, such as *Malineni*, *Collins*, *Shrewsbury* and *Ampadu*, follow the clear language of § 334.16(b), and support the Respondent's position that this Court does not have jurisdiction to amend the date on Mr. Constant's Certificate of Naturalization.[1]

_____

[1] In *Ampadu*, the petitioner was naturalized by a court in 1983. However, he filed his petition in 2012, after § 334.16 was repealed. Although the *Ampadu* court declined for this reason to find subject matter jurisdiction under § 334.16, it nevertheless based jurisdiction on Fed.R.Civ.P. 60(b). That remedy is not available to Mr. Constant because he was not naturalized by court order.

Mr. Constant filed his petition in this Court on August 2, 2010. 8 C.F.R. §

334.16(b) was repealed in November, 2011. The Respondent argues that assuming

jurisdiction could have been based on the Regulation when the case was filed, the repeal

divested this Court of jurisdiction. However, it is unnecessary to address this argument,

since the Regulation does not provide a basis for jurisdiction in any event.

Finally, Mr. Constant will find no refuge in the Administrative Procedures Act

("APA"). The APA "does not afford federal courts an independent grant of subject matter

jurisdiction." *Malineni, supra*, at*3. Moreover, the APA does not apply to immigration

proceedings. In this regard, *Malineni* stated, at *3:

> "More importantly, the Supreme Court held that '[i]mmigration proceedings
> ... are not governed by the APA' because "Congress intended [that] the
> provisions of the Immigration and Nationality Act (INA) [apply instead]....'
> *Ardestani v. INS,* 502 U.S. 129, 133–34, 112 S.Ct. 515, 116 L.Ed.2d 496
> (1991). The Sixth Circuit adopted this view. *See Hamdi ex rel. Hamdi v.
> Napolitano,* 620 F.3d 615,623–24 (6th Cir.2010) (recognizing the Supreme
> Court's holding in *Ardestani* ); *Robert v. Reno,* 25 Fed. Appx. 378, 381 (6th
> Cir.2002) ('The APA simply does not govern immigration proceedings
> under the INA.)

> "It is undisputable that the petition before the Court, a petition to amend an
> immigration document, falls within the context of an immigration
> proceeding. Because the APA does not apply to immigration proceedings,
> the Court cannot provide the mandatory injunction that the Petitioner
> seeks."

This Court does not have subject matter jurisdiction, and the Petition should

therefore be dismissed.

## IV.   CONCLUSION

For these reasons, I recommend that Respondent's Motion to Dismiss [Doc. #27]

be GRANTED, and that the Petition be DISMISSED for lack of jurisdiction.

Any objections to this  Report and Recommendation must be filed  within fourteen

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: July 2, 2013                    s/ R. Steven Whalen
                                       R. STEVEN WHALEN
                                       UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on July 2, 2013, electronically and/or by U.S. mail.

                                       s/Michael Williams
                                       Relief Case Manager for the
                                       Honorable R. Steven Whalen

-7-