UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH CONSTANT,

    Petitioner,

                            Case No. 10-mc-50894

v.

                            HONORABLE STEPHEN J. MURPHY, III

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

    Respondent.
_____/

**ORDER DENYING MOTIONS TO PRODUCE, EXTEND
AMEND, FOR ADMISSION OF EVIDENCE, AND COPIES** (document nos.
11, 12, 13, 14, 15, 17, 18, 33, 38, 40), **DENYING APPLICATION TO WAIVE
PACER FEES** (document no. 56); **GRANTING MOTION TO ALLOW PAGE COUNT**
(document no. 50) **AND MOTION FOR EXTENSION OF TIME** (document no. 53);
**OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION**
(document no. 44), **AND GRANTING MOTION TO DISMISS** (document no. 27)

    This matter is an appeal by Petitioner Joseph Constant. Constant is appealing a decision of Respondent U.S. Citizenship and Immigration Services ("USCIS") to deny Constant's application to correct the date of his birth on his citizenship certificate. The Court referred the matter to a U.S. Magistrate Judge for resolution or report and recommendation. On July 2, 2013, the magistrate judge issued a Report and Recommendation ("Report"), suggesting the Court did not have subject-matter jurisdiction to hear the appeal and that it should therefore dismiss the matter. Constant filed an objection, to which USCIS responded, and to which Constant replied.

    Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 does not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-

14919, 2012 WL 1622897 (E.D. Mich. May 9, 2012). After examining the pleadings and the record, and considering Constant's objections de novo, the Court concludes that the objections have no merit. Accordingly, the Court will overrule the objection, adopt the Report, and grant USCIS's motion to dismiss. The Court will also grant two of Constant's motions permitting him to file his full set of objections to the Report, and will deny his remaining pre-proceeding motions.

## BACKGROUND

Petitioner Joseph Constant filed an application for naturalization on January 1, 1995. USCIS interviewed Constant on December 28, 2005, and granted his application on June 23, 2006. On his initial application, and on his Certificate Preparation Sheet and Oath Declaration, Constant stated that his birth date was March 12, 1956. His certificate of naturalization was accordingly so dated.

But on February 19, 2008, Constant filed an Application for Replacement Naturalization/Citizenship Document in which he stated that his birth date was in fact March 12, 1952. His application was denied on October 25, 2008 by a letter stating that he had not established either that the original birth date was a clerical error or that his birth date was actually not March 12, 1956. Constant then filed suit in this Court.

The Report suggested the Court dismiss the case for lack of subject-matter jurisdiction. Constant's relief sought the amendment of his naturalization papers. But the Report notes that the the Immigration Act of 1990, 8 U.S.C. § 1421, transferred jurisdiction over naturalization from the Judiciary to the Executive. Report at 3 (citing *Malineni v. United States Citizenship and Immigration Services*, No. 12-13453, 2013 WL 466204, at *2 (E.D. Mich. Feb. 7, 2013)). Under 8 C.F.R. § 344.16(b), the federal courts now only have

jurisdiction to amend naturalization documents if the document was previously approved or had final action taken on it by a federal court. Thus, the Report concluded, the statute and the regulation provide no jurisdictional grounds for a federal district court to amend a naturalization document approved by the Executive branch after the effective date of the Immigration Act. *Id.* at 2-3 (quoting 8 C.F.R. § 334.16(b); *Collins v. United States Citizenship and Immigration Services*, No. 11-9909, 2013 WL 764752, at *2 (C.D. Cal. Jan. 30, 2013)).

The Report noted that some district courts have decided, but without any serious examination, that 8 C.F.R. § 344.16(b) did permit district courts retained jurisdiction to amend naturalization certificates. *Id.* at 4 (citing *Hussain v. United States Citizenship and Immigration Services*, 541 F. Supp. 2d 1082, 1085 (D.Minn. 2008); *Nguyen v. United States Dept. of Homeland Security*, No. 06-118, 2007 WL 2156649, at *8 (N.D.N.Y. July 25, 2007)). But other district courts have held in a manner similar to the Report, *see id.* (citing *Ampadu v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 944 F. Supp. 2d 648, 652 (C.D. Ill. 2013)), and the Report carefully distinguished between the fellow courts that did, and did not, provide an actual analysis of the regulation's text. The Report also noted that, although 8 C.F.R. § 344.16(b) was repealed in November of 2011, it is irrelevant whether the repeal of the regulation divested the Court of jurisdiction at that time because the regulation never conferred jurisdiction in the first place. *Id.* at 6. Finally, the Report noted that the Administrative Procedures Act does not provide an independent subject-matter jurisdictional grant, or apply to immigration proceedings. *Id.* (citing *Malineni*, 2013 WL 466204, at *3.

3

## STANDARD OF REVIEW

Reports and recommendations for dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). Here, Constant filed roughly five objections to the findings made by the magistrate judge. The remainder of the Report does not require de novo review.

When considering a Civil Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Challenges to subject-matter jurisdiction generally fall into two categories, a facial attack and a factual attack. *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack challenges the sufficiency of the pleadings. When considering a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A factual attack challenges the factual basis for subject-matter jurisdiction. When considering a

factual attack, "no presumptive truthfulness applies to the factual allegations, . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325) (internal citation omitted). When faced with both a Civil Rule 12(b)(1) motion and a Civil Rule 12(b)(6), or 12(c) motion, a court must consider a Civil Rule 12(b)(1) motion first, as the Civil Rule 12(b)(6) challenge becomes moot without subject-matter jurisdiction. *Moir*, 895 F.2d at 269.

## DISCUSSION

After reviewing de novo the conclusions laid out by the Report, the Court reaches the same conclusion that there is no subject-matter jurisdiction vested in this Court to adjudicate the dispute.

Constant's objections may be categorized as follows: first, generally, that the actual facts surrounding his petition are true and support his case; second, that USCIS is estopped from asserting that Constant's birth date is 1956, rather than 1952; third, that USCIS filed its Civil Rule 12(b)(1) motion untimely; fourth, that there is no support for granting the USCIS's Civil Rule 12(c) motion; fifth, that the cases the Report cites in support are distinguishable; and sixth, that other federal district court cases support Constant's assertion of subject-matter jurisdiction. *See* Objection, ECF No. 51.

I. <u>Factual and Procedural Objections</u>

Constant's first, second, and fourth objections are factual or procedural in nature, and do not change the Court's conclusion it has no subject-matter jurisdiction over the matter.

In Constant's first objection, he reiterates the factual assertions he made in his overall application, and argues they show his entitlement to relief from this Court. But when considering an attack on subject-matter jurisdiction, it is irrelevant as to whether the

5

underlying merits of the petition are sound or the underlying facts are true. The reviewing court accepts as true the assertions in the complaint, and evaluates whether there is a basis for subject-matter jurisdiction anyway. *Ritchie*, 15 F.3d at 598. To the extent Constant's objections revolve around the merits of the underlying matter or the truth or falsity of the facts concerning his application and birth date, this is irrelevant to determining the legal question of whether the Immigration and Naturalization Act and its statute gives the Court subject-matter jurisdiction to consider his application. The objection is overruled.

As to Constant's second objection, because the Court concludes subject-matter jurisdiction is not present in this case, it is irrelevant whether USCIS's actions prevent it from taking a certain factual or legal position now. Regardless of USCIS's prior actions or postures in this case, a party cannot confer subject-matter jurisdiction on the Court. *See Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004) ("Subject-matter jurisdiction cannot be conferred by consent of the parties, nor can it be waived.") (citing *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003)).[1] The objection is overruled.

As to Constant's fourth objection, the Report did not suggest granting or denying USCIS's Civil Rule 12(c) motion; it concluded resolution of the motion was moot, a conclusion with which the Court agrees. The objection is overruled.

II. Subject-Matter Jurisdiction Objections

The core of Constant's objections disagree with the Report's analysis of subject-matter jurisdiction.

In Constant's second objection, he challenges the timeliness of USCIS's motion under

---

[1] This conclusion also applies to Constant's reference to USCIS's admission that it believed the Court had the power to amend the certificate; again, USCIS cannot create subject-matter jurisdiction by admission.

6

Civil Rule 12(b)(1) attacking subject-matter jurisdiction. He argues USCIS filed its Civil Rule 12(b) motion after its responsive pleading (answer), and according to the rule, the motion should be stricken. Constant is correct that Civil Rule 12(b) states: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim." Fed. R. Civ. P. 12(b). Here, USCIS filed its response on October 4, 2010, and the instant motion to dismiss only on October 25, 2010. *See* Mot. to Dismiss, ECF No. 27.

But section (h) of Civil Rule 12 exempts a subject-matter jurisdiction defense from waiver merely by failure to assert the defense before a responsive pleading. And, in fact, because a district court cannot hear a case it does not have subject-matter jurisdiction over, a district court is empowered to consider a challenge to subject-matter jurisdiction at any time whatsoever. The "existence of federal jurisdiction may be questioned at any point in the course of litigation and . . . parties cannot waive the requirement of subject matter jurisdiction." *Ammex, Inc. v. Cox*, 351 F.3d 697, 702 (6th Cir. 2003) (quoting *Riggs v. Island Creek Coal Co.*, 542 F.2d 339, 343 (6th Cir. 1976)). In the Sixth Circuit, a late-filed Civil Rule 12(b)(1) motion is treated as a "suggestion" by a party that the court lacks subject-matter jurisdiction. *See S.J. v. Hamilton Cnty., Ohio*, 374 F.3d 416, 418 n.1 (6th Cir. 2004) ("The district court properly construed this late-filed motion as a 'suggestion' that it lacked subject-matter jurisdiction. Such a filing may be made at any time.") (citing Fed. R. Civ. P. 12(h)(3); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). Thus, although the Report might have treated the Civil Rule 12(b)(1) motion as a suggestion rather than a formal motion, the Report did not err by considering the challenge to subject-matter

jurisdiction. *See Wagenknecht v. United States*, 533 F.3d 412, 416 (6th Cir. 2008) ("[A] district court may *sua sponte* dismiss an action when it lacks subject-matter jurisdiction."). This objection is overruled.

Constant's fifth and sixth objections may be categorized as disagreeing with the Report's analysis of 8 C.F.R § 334.16(b), and its conclusion that the regulation does not grant subject-matter jurisdiction to the district courts to review naturalization papers.

The regulation in question, before its repeal, stated:

> (b) After final action on petition. Whenever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court, a copy of the application shall be served upon the district director having administrative jurisdiction over the territory in which the court is located, in the manner and within the time provided by the rules of court in which application is made. No objection shall be made to the amendment of a petition for naturalization after the petitioner for naturalization has been admitted to citizenship if the motion or application is to correct a clerical error arising from oversight or omission. A representative of the Service may appear at the hearing upon such application and be heard in favor of or in opposition thereto. When the court orders the petition amended, the clerk of court shall transmit a copy of the order to the district director for inclusion in the Service file.

8 C.F.R. § 334.16(b) (2010).

The plain language vests the power to amend a naturalization document to the courts "after final action thereon has been taken by the court." The Court agrees the plain language of the regulation compels the conclusion that, because no court took final action on Constant's naturalization document, there exists no jurisdiction to amend the document. In other words, the regulation conforms to the pre-1991 system, when the U.S. District Courts, not the (former) INS or the Executive Branch, were the final arbiters of naturalization. *See* Immigration Benefits Business Transformation, Increment I, 76 F.R. 53769, 53769 (Aug. 29, 2011) ("Sections 334.16–334.18, 335.11–335.13, and 339.2(c) are

8

removed because they relate to any 'petition for naturalization' filed prior to October 1, 1991. Such petitions were under the jurisdiction of the naturalization court until that date. *See* 8 CFR 310.4; INA section 310, 8 U.S.C. 1421."). This regulation permitted an applicant to amend a petition after it had been approved by the courts. *Yeshiwas v. U.S. Citizenship & Immigration Servs.*, No. 12-1719, 2013 WL 5289061, at *5 (N.D. Cal. Sept. 19, 2013) (recognizing jurisdiction for district court to amend petition that was filed before the 1990 change in law).

Here, the application and naturalization certificate were not, in fact, approved by a U.S. District Court, but approved by the Executive Branch, USCIS. Accordingly, no final action was taken by the Court, or by any U.S. court, in the matter, and by the plain terms of the regulation, the Court therefore has no jurisdiction to consider an application for amendment. *See Collins*, 2013 WL 764752, at *2. The regulation therefore does not vest the Court with subject-matter jurisdiction to consider Constant's application.[2] The Court acknowledges that certain other district courts, as Constant correctly notes, have decided the issue differently. *Cf. Hussain*, 541 F. Supp. 2d at 1085; *Nguyen*, 2007 WL 2156649, at *8; Objection 23 (listing cases).[3] The Court also notes that in certain other cases, the petitioner filed after the repeal of § 334.16, unlike here. But these courts nevertheless reached the same fundamental conclusion that § 334.16 never conferred subject-matter jurisdiction to the federal courts, regardless of the timing of a filing. *See, e.g., Tesfay v.*

---

[2] It is true that the regulation was repealed in 2011. The Court agrees that it does not matter whether or not the regulation was ultimately repealed for the purpose of this analysis, as the Court agrees that the regulation never conveyed subject-matter jurisdiction over matters of this type to the Court.

[3] Constant, of course, may appeal this decision and make his case to the Court of Appeals.

9

*Holder*, 942 F. Supp. 2d 1063, 1067 (D. Nev. 2013) (concluding that "§ 334.16 does not provide this Court with subject matter jurisdiction to amend [a] Certificate of Naturalization" for any post-INA application.); *Malineni*, 2013 WL 466204, at *2 (The INA, and § 334.16, "clearly limits judicial review of petitions to amend naturalization documents to instances where the petitioner was naturalized prior to 1990"). And the Court's own evaluation of the text and structure of 8 C.F.R. § 334.16 and the Immigration and Naturalization Act leads to the conclusion that the regulation, even if it remained in effect today, does not vest the Court with subject-matter jurisdiction to alter Constant's naturalization certificate. Several other district courts have agreed with the Report and the Court's conclusions regarding the lack of subject-matter jurisdiction in this type of matter, including another judge in this District. *Malineni*, 2013 WL 466204, at *2.

III. <u>Other Matters</u>

Constant, via an ex parte request, moved for the Court to waive his Public Access to Court Electronic Records ("PACER") fees in this matter. *See* Redacted Motion, ECF No. 56. While at court has the discretion to waive an individual's PACER fees, *see Malouf v. Detroit Med. Ctr.*, No. 10-14763, 2011 WL 1465787 (E.D. Mich. April 18, 2011), Constant has not shown entitlement to a waiver. *See generally id.* (quoting *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ("[t]he statutory right to proceed in forma pauperis . . . does not include the right to obtain copies of court orders without payment therefor."). Although Constant produced a statement of financial matters, he did not show the necessity for a waiver of PACER fees. Constant is a properly registered e-filer in the Eastern District. S*ee* Pro Se E-filing Account Created for Joseph Constant, Jan. 14, 2013 (No ECF Citation Number Available). As such, he automatically received a free download of every document,

public or not, filed in his case. *See* E.D. Mich LR Appx. ECF, Ex. E at 4. Constant has not shown that his preparation for this case required him to access non-public documents on other case dockets. True, Constant has cited to several federal court cases in his papers. But the PACER system does not charge for access to court opinions, *see* Electronic Public Access Fee Schedule § 8, *available at* http://www.pacer.gov/documents/epa_feesched.pdf, and Constant could have obtained opinions through various free legal research services. And Constant has not shown that he obtained the opinions through PACER in the first place. Accordingly, the Court will deny the application for a PACER fee waiver without prejudice.

Finally, during the pendency of this matter, Constant filed several motions to produce materials, request copies of transcripts, admit additional evidence, extend various deadlines, and to amend the record. The Court will deny the motions — document numbers 11, 12, 13, 14, 15, 17, 18, 33, 38, and 40 — as moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 44) is **ADOPTED**, and the Motion to Dismiss (document no. 27) is **GRANTED**. This matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Allow Page Count (document no. 50) and Motion for Extension of Time (document no. 53) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Redacted Motion, application for PACER fees (document no. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to produce (document no. 11), motion to extend (document no. 12), motion to produce (document no. 13), motion to produce

(document no. 14), motion of Petitioner's Witness List (document no. 15), motion to extend discovery time (document no. 17), motion for the admission of evidence (document no. 18), motion to amend/correct petition (document no. 33), motion for copy of deposition questions (document no. 38), and motion for copy of June 2011 deposition questions (document no. 40) are **DENIED**.

    **SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: May 21, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 21, 2014, by electronic and/or ordinary mail.

                                        s/Carol Cohron
                                        Case Manager